United States District Court
Southern District of Texas
FILED

AUG 23 2012 SAM

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO

UNITED STATES OF AMERICA, )
)
    Plaintiff, ) Crim. Action No.5:11-CR-11-1)
) (Civil Action No. 12-CV-88)
v. )
)
ELIU RIVERA-MENDEZ, )
) MEMORANDUM OPINION and ORDER
    Defendant. )

\*\* \*\* \*\* \*\* \*\*

Defendant Eliu Rivera-Mendez ("Rivera-Mendez") having filed a timely motion to vacate sentence pursuant to 28 U.S.C. § 2255 (D.E. 86), and the government having filed a response to the same (D.E. 100), and having considered the defendant's objection to the government's response (D.E. 101), and the Court being advised,

IT IS ORDERED that Rivera-Mendez's motion be, and the same hereby is, DENIED for the reasons which follow.

In his motion to vacate, Rivera-Mendez seeks § 2255 relief from the judgment of conviction and sentence imposed by the district court on October 6, 2011 (D.E. 76 (Hood, V.J.)), raising several grounds for the relief he sought. (D.E. 86). However, in his objections to the government's response to his motion to vacate, he states that he is not

challenging his conviction, but is seeking medical attention and an earlier return to Mexico. (D.E. 101).

On January 19, 2011, Rivera-Mendez and another individual were charged by a federal grand jury in the Laredo Division of the Southern District of Texas, in a six count superseding indictment, with illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (count one); possession of firearms by an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) (count two); smuggling goods from the United States, in violation of 18 18 U.S.C. §§ 554 and 2 (count three); conspiracy to smuggle goods from the United States, in violation of 18 U.S.C. §§ 554, 371 and 2, (count four); attempt to export hand grenades from the United States, in violation of 18 U.S.C. § 554 (count five); and conspiracy to smuggle goods from the United States, in violation of 18 U.S.C. §§ 554, 371, and 2 (count six). (D.E. 27).

On March 14, 2010, pursuant to a plea agreement with the government, Rivera-Mendez entered a plea of guilty to count five of the indictment (D.E. 50, 54, 58). As part of the plea agreement, Rivera-Mendez agreed to waive his right to appeal the sentence and to collaterally attack his

conviction and sentence, including filing a § 2255 motion (D.E. 54).

On October 6, 2011, the undersigned, sitting by designation, sentenced Rivera-Mendez to serve 40 months of imprisonment, followed by three years of supervised release. (D.E. 83). Consistent with his obligations in the plea agreement, Rivera-Mendez did not appeal. Inconsistent with his plea agreement, he filed the instant motion to vacate on May 25, 2012. (D.E. 86).

As the defendant does not challenge his conviction, there is no need to recount the offense conduct or the factual basis for the same. It is set forth in detail in the Court's Memorandum Opinion and Order denying his co-defendant's motion to vacate sentence. (D.E. 102, pp. 3-6).

In his plea agreement, the defendant expressly waived his right to collaterally attack his conviction or sentence in a § 2255 motion, as follows:

> 8. Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. Additionally, the Defendant is aware that Title 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 54, p. 4).

A defendant may waive their statutory right to Section 2255 relief so long as the waiver is knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)(noting that a defendant may waive their right to appeal); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)(noting that there is "no principled means of distinguishing [the waiver of Section 2255 relief] from the waiver of a right to appeal"). Generally, even claims under the Sixth Amendment right to effective assistance of counsel are subject to waiver, except where counsel's claimed ineffective assistance directly affected the validity of the waiver or the guilty plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Whether a waiver bars subsequent claims involves a two-step inquiry. A court must first determine whether the waiver was knowing and voluntary. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a waiver to be knowing, the defendant must be aware of the right to collaterally attack the sentence and that the right was being relinquished. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). As part of the plea colloquy under Fed.R.Crim.P. 11, the defendant must have indicated that he

read and understood the plea agreement, which must include an explicit, unambiguous waiver of appeal. *McKinney*, 406 F.3d at 746. If the waiver was knowing, a court must then determine whether the waiver applies to the circumstances at hand based on the plain language of the agreement. *Bond*, 414 F.3d at 544. When construing plea agreements, normal principles of contract interpretation apply. *McKinney*, 406 F.3d at 746.

At the rearraignment hearing, Rivera-Mendez executed a waiver of the right to plead guilty before a United States District Judge as well as a consent to proceed before a United States Magistrate Judge. (D.E. 50, p. 1). In open court, Rivera-Mendez agreed to plead guilty to count five of the Superseding Indictment, the Government summarized the written plea agreement, the Court explained that the district court may consult the sentencing guidelines in determining his sentence and explained the range of punishment. (D.E. 58). The Magistrate Judge found that Rivera-Mendez, who had consented orally and in writing to enter the guilty plea before the Magistrate Judge, "fully understands the nature of the charges and penalties… understands his Constitutional and statutory rights and wishes to waive those rights." (D.E. 58, p. 2) The Magistrate also found that Rivera-Mendez's plea "is made

freely and voluntarily," that he "is competent to enter this plea of guilty," and that "there is an adequate factual basis for this plea." (D.E. 58, p. 2) The Magistrate Judge recommended that the district court accept the guilty plea and enter final judgment of guilt against the defendant. (D.E. 58, p. 2). In his Report and Recommendation to the district court, the Magistrate Judge advised that "the parties may file objections to this Report and Recommendation . . . within fourteen days after being served with a copy of the Report and Recommendation. (D.E. 58, p. 2). Rivera-Mendez did not file any objections.

In addition to the Magistrate Judge's Report and Recommendation, the transcript of the hearing reveals that the defendant, Rivera-Mendez, acknowledged in open court that he understood the charges against him and pleaded guilty. (D.E. 93, p. 6). He also acknowledged that the signature on the written Plea Agreement was his, that he had reviewed the document with his attorney before he signed it, and swore under oath that everything in the written plea agreement was true and correct. (D.E. 93, p. 7). He testified that he understood that the maximum penalty for the charge in count five is not more than 10 years in prison. (D.E. 93, p. 10). He testified that he

understood that as he is a native and citizen of another country (Mexico), when he is finished serving his sentence he will likely be formally deported, excluded, or removed back to his home country . (D.E. 93, p. 11). The Magistrate Judge reviewed the agreements in the Plea Agreement, including that the defendant agrees to give up his right to appeal and his right to come back later and complain about his detention, sentence, or conviction - "known as a post-conviction collateral attack." The defendant acknowledged that that is what he agreed to in the plea agreement, that is, that "[He] won't be able to come back and complain about the sentence. [He] cannot complain about this case. That is part of [his] agreement." (D.E. 93, p. 13 - 14). He also testified that nobody made any other promises to him other than those in the plea agreement. (D.E. 93, p. 17). He testified that he understood that he was giving up his right to a trial. (D.E. 93, p. 19). After the Magistrate Judge reviewed again the consequences of a guilty plea, and the written plea agreement, including specifically the waiver of the right to appeal, the defendant testified that he still wanted to enter a plea of guilty to count five in the Superseding Indictment. (D.E. 93, p. 20). After the prosecutor read the factual basis in the plea agreement, the defendant Rivera-Mendez stated that he was not going to

be paid $500, but that that was the only correction. (D.E. 93, p. 27). The Magistrate Judge accepted the defendant's guilty plea and advised that he would report and recommend to Judge Kazen that he find the defendant guilty and that the defendant be sentenced accordingly. The defendant said that he had no questions. (D.E. 93, p. 28).

Prior to sentencing, the probation office prepared a presentence report ("PSR"), which calculated the Guideline imprisonment range based on a total offense level of 26 and a criminal history category of I to be 63 to 78 months, and the statutory maximum term of imprisonment to be 10 years, pursuant to 18 USC § 544. (PSR ¶¶79, 80). The PSR noted that should the defendant receive a three level adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b) prior to sentencing, the revised computation for a total offense level of 23 and a criminal history category of I would establish an advisory sentencing range of 46 to 57 months. (PSR ¶82).

At sentencing, the undersigned sitting by designation, adopted the Report and Recommendations by the Magistrate Judge, (D.E. 82), determined that the advisory sentencing range was 46 to 57 months, and adopted the PSR without change. (D.E. 84 (Statement of Reasons enclosed with PSR)). However, the Court imposed a sentence of 40 months, a

sentence below the advisory guideline range based on the motion of Rivera-Mendez's counsel, providing as reasons the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), as well as to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct, pursuant to 18 USC § 3553(a)(2)(A) and (B). (D.E. 84). The Court dismissed the remaining five counts in the Superseding Indictment on motion of the United States. (D.E. 83). When asked, neither the defendant nor his counsel voiced any objections to the sentence imposed.

As noted earlier, Rivera-Mendez now states that he is not challenging his conviction, but, instead, is seeking medical attention and an earlier return to Mexico. (D.E. 101). This contention falls outside the purview of § 2255 as it goes to the *execution* of the sentence imposed as opposed to the *imposition* of that sentence. Those claims should be pursued via a motion for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255 provides the primary means of collaterally attacking a federal sentence, and is the appropriate remedy for errors that occurred at or prior to the sentencing. Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on

the manner in which a sentence is executed. *Padilla v. United States*, 416 F.3d 424, 425-36 (5th Cir. 2005).

Nevertheless, his earlier allegations regarding his sentence and dissatisfaction with counsel, fall within the scope of his § 2255 waiver because, on their face, they are not a direct challenge to the voluntariness of his plea. Therefore, they are subject to the waiver. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002). On the other hand, an ineffective assistance claim survives a § 2255 waiver "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *Id.* In this case, Rivera-Mendez's claimed ineffective assistance grounds do not directly affect the validity of the waiver or the plea. Accordingly, the government is entitled to specific performance under the plea agreement.

Accordingly, the government's motion for summary judgment shall be, and the same hereby is, **GRANTED**. The government's alternative motion to dismiss shall be, and the same hereby is, **DENIED as moot**.

The defendant's motion to vacate sentence under 28 U.S.C. § 2255 shall be, and the same hereby is, **DENIED** with prejudice.

No certificate of appealability shall issue as reasonable jurists would not differ on the outcome of this case.

This the 23rd day of August, 2012.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge